WEAKLEY (OLIVER v.). See Case No. 10,-502.

WEAMER, In re. See Case No. 17,796.

WEATHERBEE (PUTNAM v.). See Case No. 11,485.

## Case No. 17,307.

### In re WEAVER.

[9 N. B. R. 132.] [1]

District Court, E. D. Missouri. 1874.

ACTS OF BANKRUPTCY — SUSPENDING PAYMENT — WHO ARE MERCHANTS — FRAUDULENT PREFERENCES—DISSOLUTION OF PARTNERSHIP—SALE OF STOCK.

1. Notes given by a solvent partner, after the dissolution of the firm, to one of the creditors

[1] [Reprinted by permission.]

who had assisted in starting and dissolving the firm, and by way of settlement, will not be considered as the commercial paper of such partner, he not being by business a merchant, and having entered into the partnership to benefit a relative, and closing it up as soon as it was discovered to be unprofitable.

2. Giving a deed of trust upon property, to secure a debt previously secured by a mechanic's lien, is merely a change of securities and not a fraudulent preference given to the mechanic having the lien.

3. Where a partnership was dissolved, and whole stock transferred to the only solvent partner, for the purpose of settling the affairs of the partnership, a sale of the whole stock by such partner is not an act of bankruptcy, for it was designed that a sale by gross should be made, and the evidence rebuts the presumption made by the statute.

[In the matter of Christopher Weaver, a bankrupt.]

TREAT, District Judge. This is a proceeding by the petitioning creditor to have respondent declared bankrupt. The defendant (a bricklayer) to assist his son-in-law, who was brother-in-law of petitioning creditor, formed a partnership with his son-in-law in the hardware business. The defendant knew nothing of the business. The petitioning creditor agreed to furnish goods and money to the co-partnership, receiving ten per cent. interest on his advances. After several months, the co-partnership not being successful, and the partners not being in accord, it was agreed, at the instance of petitioning creditor, in order to avoid having a receiver of the partnership estate appointed, that the defendant should take the stock of goods, secure to the petitioning creditor part of the amount due by the co-partnership, and give his notes for the balance. The notes given on such settlement, no fraud having been shown, as alleged in the answer, stand as valid. Two of them, unsecured, were, at the date of the filing of the petition, past due for more than fourteen days.

The first act of bankruptcy charged, is the suspension of commercial paper, defendant being a merchant, &c. It seems that the paper was given to petitioning creditor on the dissolution of the co-partnership to close the same, and that defendant, knowing nothing of the business, took the assets with the view of stopping the business altogether. The case of Davis v. Armstrong [Case No. 3,624] is not applicable to this case. These notes were given in final settlement at the close of mercantile business, and therefore fall within another class than commercial paper issued by a merchant.

The second act of bankruptcy charged, is that defendant sold out the whole stock of goods in the store for about four thousand dollars. But that was the very object for which he received the stock, as understood by all parties, and therefore if such sale were prima facie evidence of fraud, under section thirty-six [of the act of 1867 (14 Stat. 534)] the prima facie case has been rebutted. There is no evidence that the sale was to defraud, unless the vague expectation of the creditor, that the proceeds

were to be applied to his debt in preference to others, is to control. The object, at the dissolution, was to have the defendant save himself by taking and disposing of the assets, he being the only solvent partner. The third ground is, that defendant gave a deed of trust, to secure past indebtedness, by way of preference. The deed was given in lieu of a mechanic's lien on buildings which the cestui que trust had erected, and therefore no advantage was gained by the creditor. The whole case must, therefore, rest on the proposition, whether the notes given in settlement on the final dissolution of a co-partnership are to be considered the commercial paper of a merchant; the mercantile business ending at that time; all of the co-partnership notes except a balance of one of seventy dollars, now in litigation, have been paid, also all the debtor's notes—unless the notes to petitioning creditor are to be considered within the rule.

It was competent for the petitioning creditor to hold the old notes of the co-partnership against each of the partners, and then, within the case cited, pursue the partnership and its individual members in bankrupt proceedings. The dissolution of a co-partnership having paper, issued while the mercantile firm was in existence, to lie over more than fourteen days does not change the statutory rule. It is not by mere mutual consent to a dissolution that partners can avoid the provisions of the act. But when the petitioning creditor negotiates a dissolution as in this case, and takes new paper of one of the partners for the firm's indebtedness to him, with the knowledge that the latter, in taking the firm assets, does so only to sell out the stock as soon as a purchaser can be found, and not to continue mercantile pursuits, such new paper thus taken cannot be considered commercial paper of a merchant.

Hence, as to the first act of bankruptcy, there has been no general suspension of commercial paper by a merchant, within the meaning of the act.

Second. The sale of the stock taken by defendant and sold in gross was not fraudulent or made to defeat the bankrupt act.

Third. The deed of trust given in lieu of a mechanic's lien was not a preference within the meaning of the bankrupt act.